IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ANTHONY WRIGHT,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OR MONTANA,<br><br>Respondents. | Cause No. CV 18-66-BU-BMM-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case comes before the Court on Petitioner Anthony Wright's application for writ of habeas corpus under 28 U.S.C. § 2254. Wright is a state prisoner proceeding pro se.

**I.     Motion to Proceed in Forma Pauperis**

After reviewing the motion and supporting account statement, I find that Wright has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

**II.    28 U.S.C. § 2254 Petition**

Wright alleges the 4-year prison sentence he received on April 6, 2018, in

1

Montana's Second Judicial District, Silver Bow County, for Assault on a Peace Officer, violates his Eighth Amendment right to be free from cruel and unusual punishment because he did not receive proper credit for the time he served prior to sentencing. See, Pet. (Doc. 1 at 2-3; 4, ¶ 13(A)). As explained below, Wright's petition should be denied.

### A. Background

On June 29, 2014, following an investigatory stop for suspected Driving Under the Influence, Wright was arrested by law enforcement officials in Butte, Montana.[1] During his transport to the detention center, Wright assaulted an officer. Wright was initially held on $25,000 bail. In August of 2014, Wright's bail was reduced to $5,000. Wright subsequently posted bond and was released. *Wright v. Salmonsen*, OP 18-0354, Or. at 2 (Mont. October 10, 2018). In December of 2014, Wright was arrested in Oregon.

In March of 2015, Wright was convicted of Assault in Oregon. He remained in custody there until September 21, 2017. *Id*. That same day, Wright was apparently arrested for violating the conditions of his release on the Montana Assault charge pursuant to a detainer and returned to Montana where he remained in custody until his April 5, 2018, sentencing in the Second Judicial District. *Id*. at

---

[1] The factual history of the state court proceedings is gleaned from the Montana Supreme Court's decision denying Wright state habeas relief. See, *Wright v. Salmonsen*, OP 18-0354, Or. (Mont. October 10, 2018). All state court briefing and opinions available at: https://supremecourtdocket.mt.gov/ (accessed October 22, 2018).

2

1. At sentencing, Wright was awarded 251-days of jail credit which included the time served following his initial arrest and posting of bond, (June 29, 2014 to August 22, 2014), and his return to Montana state custody following the completion of his Oregon sentence (September 21, 2017 to April 5, 2018). *Id*.

Following his sentencing, Wright filed a petition for habeas relief in the Montana Supreme Court. Wright argued that due to a detainer out of Montana, he was not granted "outside the fence access" or allowed into any programs while serving his Oregon sentence. *Id*. Due to this deprivation of freedom, Wright argued he was entitled to more credit than the 251-days granted to him. *Id*.

Although the Montana Supreme Court noted there was no case directly on point, it reasoned that Wright was not due any additional credit because the Oregon incarceration was unrelated to his Montana sentence and conviction. *Id*. at 2-3. Accordingly, because Wright failed to establish his incarceration was illegal, he was not entitled to habeas corpus relief. *Id*. at 3, citing Mont. Code Ann. § 46-22-101(1).

### B. Analysis

To the extent that Wright claims the Montana courts erred in the application of state law, the claim is not cognizable in federal habeas. Even if Wright had been sentenced in violation of state law, "only noncompliance with *federal* law… renders a State's criminal judgment susceptible to collateral attack in the federal

courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(per curiam)(emphasis in original). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Additionally, the Montana Supreme Court is the highest authority in the land on the content and meaning of Montana law. See e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). The Montana Supreme Court held Wright's sentence did not violate state law, therefore, it does not violate state law.

To the extent that Wright argues the denial of additional credit for time served constitutes cruel and unusual punishment in violation of the Eighth Amendment, he likewise does not make a tenable claim. A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eight Amendment. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Outside of the capital punishment context, the Eighth Amendment only prohibits sentences that are extreme and grossly disproportionate to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991). Such instances are "exceedingly rare" and occur only in "extreme" cases. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). As long as a sentence does not exceed statutory maximums, it will not be deemed cruel and unusual under the Eighth Amendment. *United States v. McDougherty*, 920 F. 2d 569, 576 (9th Cir. 1990).

Under state law, the offense of Assault on a Peace Officer carries with it a minimum sentence of 2 years in custody and a maximum sentence of 10 years. See, MCA § 45-5-201(2).  Wright received a custodial sentence of 4-years with credit for time served in the amount of 251 days.  Wright's sentence was well within the statutory parameters.

Wright has not made a showing of gross disproportion in sentencing, nor has he alleged facts that would allow him relief under the prohibition against cruel and unusual punishment.  Accordingly, his sentence does not violate the Eighth Amendment.

### C. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wright has not made a substantial showing that he was deprived of a

constitutional right. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Wright's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Wright's Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wright may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Wright is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Wright must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 23rd day of October, 2018.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge